FOURTH JUDICIAL DISTRICT COURT, EL PASO COUNTY, STATE OF COLORADO
270 S. Tejon Street
Colorado Springs, Colorado 80901

DATE FILED: May 19, 2015
CASE NUMBER: 2015CV244

Plaintiff: DOUGLAS BRUCE,

v.

Defendant: PACIFIC SPECIALTY INSURANCE COMPANY; DOES I through V

Douglas Bruce, plaintiff
Box 26018
Colorado Springs CO 80936
(719) 550-0010
taxcutter@msn.com

Case No. 15 CV 244
Courtroom: 15

FILED IN THE DISTRICT AND
COUNTY COURTS OF
EL PASO COUNTY, COLORADO

MAY 1 9 2015

DR. LYNETTE CORNELIUS
CLERK OF COURT

## COMPLAINT

Plaintiff is the current owner of 633 E. Boulder Street in Colorado Springs CO, and was the owner in all of 2014. The front building is a triplex. He bought from defendant fire and extended coverage insurance on that triplex in April 2014. Fire damage liability was up to $150,000, plus coverage for other structures, loss of rents, and personal property.

On July 7, 2014, a fire occurred at the triplex. It made units A and B uninhabitable. Plaintiff emailed his insurance agent within minutes of being notified of the fire, and later called him. Both apartments were posted as unsafe to occupy by the city inspector that morning. Both tenants went to a Red Cross shelter for about three days, then went to a hotel. Plaintiff advanced his money for two rooms at $55 per day each, for $11,770.

Defendant's insurance estimator saw the property later that week and claimed the repair as $42,502.99. A $2,500 deductible is not in dispute here. Defendant deducted nearly 27% of that repair cost for depreciation, figures it made up. Defendant paid some of the loss of rents, and none of the hotel expense plaintiff paid to avoid a breach of the lease.

Defendant sent a partial repair check on August 28, 51 days after the fire, for $28,547.63. It was not listed as payment in full, but as "undisputed amounts." It also sent $225.21 for fence damage, after depreciation of under 2%, and estimated loss of rents of $9,133.74.

Appendix A

After the permitted repair work was inspected and signed off by the regional building officials, plaintiff sent a letter to defendant, Exhibit 1 here, requesting completion of its payments due. Defendant phoned plaintiff and orally refused, then later sent a letter in January restating its refusal.

After moving back in, both tenants vacated their apartments February 1 and did not pay their future lease payments. The tenant in A did not pay her prorated rent of $1708.33 from December 20. Both cited the fire experience for their departure. The loss of rents thus increased as a direct result of the fire. Monthly rents were $925 (B) and $1250 (A). The first lease expired on May 19, 2015, and the second on June 5, 2015. This amount is in addition to the amount demanded in Exhibit 1. See Exhibit 2, which demands $6,916.66 for "A" lost rents and $3,360.83 for "B" lost rents, a total of an added $10,277.49. Defendant has ignored Exhibit 2.

Plaintiff has requested defendant honor its contractual obligations with good faith and fair dealing. Plaintiff has acted in good faith and his claim is not frivolous. Defendant has refused and acted in bad faith. For his first cause of action, plaintiff therefore sues that he be awarded the total of the amounts requested in Exhibits 1 and 2.

For his second cause of action, plaintiff further sues for his additional statutory remedy under C.R.S. 10-3-1116 (1) for twice the amount denied in bad faith by defendant. This claim is also made in good faith and is not frivolous. Plaintiff will credit defendant with prorated rent if received from a new tenant in apartment "A" before that lease ends.

WHEREFORE, plaintiff requests as follows:

1. He be awarded the contractual amount listed herein as his first cause of action, with interest at the legal rate from the demand date.

2. He be further awarded for his second cause of action two times the amount demanded in his first cause of action, citing C.R.S. 10-3-1115 and 10-3-1116, plus interest at the legal rate from the demand date.

3. Plaintiff requests a jury trial.

4. Plaintiff requests his costs of suit.

5. Plaintiff requests such other relief as the court deems just and proper.

Appendix A

I certify that the foregoing complaint is true and correct to the best of my knowledge.

Respectfully submitted,

*[signature: Douglas Bruce]*

Douglas Bruce
Box 26018
Colorado Springs CO 80936
(719) 550-0010
taxcutter@msn.com

Appendix A

15 December 2014

Pacific Specialty Insurance
3601 Haven Avenue
Menlo Park CA 94025

Attn: Jeshua Michael
claimspsic@pacificspecialty.com

Re: claim 000240979-01
633 E. Boulder Street, Colorado Springs CO 80903

Dear Mr. Michael:

The permits for repairing fire damage at my rental have been signed off. The downstairs tenant (A) moved back in November 26, before completion. The upstairs tenant (B) can move back in December 19; only painting and wall work remain.

The downstairs rent is $1250 and the upstairs is $925. I sent you copies of both leases. That is $2,175 total per month. You sent me a partial payment for loss of rents through early November. I now request the balance until November 26 on (A) and December 19 on (B).

Your letter of August 28 (51 days after the fire) paid as "undisputed amounts" $28,547.63 for the direct fire damage, $225.21 for the rear fence broken by the fire department, and $9,133.74 for loss of rents to November 13. I do not dispute the fence payment.

Basic claim

Your cover sheet said the payment of $28,547.63 reflected deductions for the $2,500 deductible and $11,455.36 in "non-recoverable depreciation." That means your gross damage figure was the sum of those three numbers, or $42,502.99. Your 26.95% depreciation factor is based on no evidence. The property was in good condition before the fire.

If your company automatically deducts 27% from claims, it means I don't have $150,000 coverage. I can never get $150,000 for a total loss. I paid a premium for $150,000 maximum coverage but would never get more than $109,500 payment. That is fraud. I want a check for the $11,455.36 depreciation.

Loss of rents—non payment by tenants

On a 30-day month, the daily loss of rent from the July 7 fire is $41.67 for unit A and $30.83 for unit B. July 7 to November 26 is 143 days X $41.67 for unit A, or $5,958.81. July 7 to December 19 is 166 days X $30.83, or $5,117.78 for unit B. That total for both is $11,076.59. You sent $9,133.74. That leaves a balance of $1,942.85 due me.

The tenant in unit A demands a 10% rent discount until her child's bedroom, 10% of total floor space, is livable, with new carpet and pad, window frames, and cleaning. That should be done by December 20. A 10% discount on $41.67 is $4.17 for 24 days, or $100.08 in added loss of rents due me.

Appendix A

Ex 1



Loss of rents—added living expense

Since the units were not habitable, I had to pay the temporary housing cost for both pairs of tenants. I could not tell them to sleep in the park until the work was done! They would not come back and that would increase my rental loss after the repairs were done. The Motel 6 rate with taxes was about $55 per day per room. I found an extended stay discount at a hotel that was about that same rate. I paid $110 per day while the apartments were unavailable, a total of $11,770, which I want reimbursed.

TOTAL:

$11,455.36
   1,942.85
     100.08
  11,770.
_____

$25,268.29

Please remit the above balance due within one week. You took 51 days for your first payment. That would be an unacceptable delay for what should be your final payment.

Sincerely,

Douglas Bruce
Box 26018
Colorado Springs CO 80936
(719) 550-0010
taxcutter@msn.com

ADDED CLAIM

**Subject:** ADDED CLAIM
**From:** Douglas Bruce <Taxcutter@msn.com>
**Date:** 05/11/2015 09:16 AM
**To:** claimspsic@pacificspecialty.com

To:  Jeshua Michael
     Pacific Speciality

Re:  claim 000240979-01
     633 E. Boulder Street, Colorado Springs CO 80903

Dear Mr. Michael:

This letter follows up on my letter of December 15, 2014. You replied by phone and later by letter to deny my request for additional payments under my policy.

I here add to my claim for loss of rents, since both tenants moved out February 1, shortly after that exchange. Both gave the fire experience as their reason. The tenant in "A" never paid after moving back in; the tenant in "B" paid through the end of January. You have both leases and can see that the monthly rent for "A" is $1250 and her lease is up June 5, 2015. The monthly rent for "B" is $925 and that rent is up May 19, 2015 (next week). The loss-of-rent amounts are the direct consequence of the fire. I have tried to rent both units to mitigate

ADDED CLAIM

damages, but without success. The loss for "A" is $1708.33 plus the prorated rent from February 1 to June 5. The loss for "B" is from February 1 to May 19.

Please reply by email and then send the total loss-of-rents balance on the two leases ASAP. If I rent unit "A" in the next three weeks, I shall return the pro-rated credit.

Thank you.

Douglas Bruce
Box 26018
Colo. Spgs. CO 80936
(719) 550-0010