# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 15-cv-01323-RM-STV

DOUGLAS E. BRUCE,

    Plaintiff,

v.

PACIFIC SPECIALTY INSURANCE CO.,

    Defendant.

---

## ORDER

---

This matter was originally before the Court on Defendant Pacific Specialty Insurance Company's ("Defendant") Motion for Summary Judgment (ECF No. 20) with respect to amounts it paid under an insurance contract covering fire damage to Plaintiff's rental property. Plaintiff Douglas E. Bruce ("Plaintiff") filed a response (ECF No. 21), and Defendant filed a reply (ECF No. 24). In his August 15, 2016 Recommendation, United States Magistrate Judge Craig B. Shaffer, previously assigned to this case, recommended that this Court grant in part and deny in part Defendant's Motion for Summary Judgment. Plaintiff filed a motion for extension of time (ECF No. 33) to file objections to the Recommendation, which this Court granted in part and denied in part (ECF No. 34). On October 12, 2016, the Court issued an Order on the motion for summary judgment. (ECF No. 36.) However, that Order failed to consider various objections blended into the motion for extension of time. Thus, the prior Order adopted the Recommendation (ECF No. 36) without analysis of any "objections."

Plaintiff has properly brought this matter to the Court's attention. This matter is now

before the Court on Plaintiff's motion for hearing and objections ("Objections") (ECF Nos. 40 & 33) to the Recommendation and this Court's October 12, 2016 Order. Defendant filed a response to the Objections. (ECF No. 42.) The Court considers all of Plaintiff's Objections (ECF Nos. 40, 33) and addresses Plaintiff's arguments herein.

The August 15, 2016 Recommendation of Magistrate Judge Shaffer (ECF No. 32) is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

## I.     LEGAL STANDARDS

### A.     Review of the Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). An objection to a recommendation is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* FED. R. CIV. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**B.     Summary Judgment**

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569-70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one–sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the non-moving party to move beyond the pleadings and to designate evidence which demonstrates the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. In considering whether summary judgment is appropriate, the facts must be considered in a light most favorable to the non-moving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted).

If a movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. FED. R. CIV. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact") (citation omitted).

Only admissible evidence may be considered when ruling on a motion for summary judgment. *Jaramillo v. Colorado Judicial Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005) (citation omitted) (holding that hearsay evidence is not acceptable in opposing a summary judgment motion); *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). Affidavits must be based on personal knowledge and must set forth facts that would be admissible evidence at trial. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." *Id*. The Court will not consider statements of fact, or rebuttals thereto, which are not material or are not supported by competent evidence. FED. R. CIV. P. 56(c)(1)(A), 56(e)(2), 56(e)(3). "[O]n a motion for summary judgment, it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record." *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (internal quotation and citation omitted). The Court is "not obligated to comb the record in order to make [Plaintiff's] arguments for [him]." *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000).

### C. *Pro Se* Status

Plaintiff is proceeding *pro se*.[1] The Court, therefore, reviews his pleadings and other filings liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). However, a court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated

---

[1] Magistrate Judge Shaffer noted that Plaintiff might have had a legal education, and is licensed in California but not Colorado. Plaintiff was treated by the Magistrate Judge as *pro se*, albeit not a typical one. (ECF No. 32 at 6-8.) This Court will treat Plaintiff likewise.

laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues) (citations omitted).   And Plaintiff's *pro se* status does not entitle him to application of different civil procedure rules.   *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Wells v. Krebs*, Case No. 10 CV 00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted), *affirmed and adopted in* 2010 WL 4449729.

## III.   ANALYSIS

Plaintiff's Objections[2] generally[3] fail to cite to any specific errors in Magistrate Judge Shaffer's factual findings or legal analysis, as opposed setting forth to Plaintiff's disagreements. "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." *2121 E. 30th St.*, 73 F.3d at 1060.   Further, "objections should not be construed as a second opportunity to present the arguments already considered by the Magistrate Judge."   *Haden v. Green*, Case No. 10-cv-0515-RBJ-KMT, 2013 WL 328992, *1 (D. Colo. Jan. 29, 2013) (citation

---

[2] Plaintiff argues that as of August 26, 2016 (ECF No. 33 at 1), he did not receive Defendant's Reply in Support of its Motion for Summary Judgment (ECF No. 24).   However, at that time, Plaintiff was in prison and did not ask for a copy of this document to be sent to him in prison.   Further, sending Plaintiff a copy of this document would be unnecessary because no action on Plaintiff's part was required with respect to this document.

[3] In ECF No. 40 at p.2, Plaintiff seemingly makes a specific objection to the Recommendation in noting that the Magistrate Judge said "fence depreciation was 10%, when it was 2%."   *Id.*   But the Magistrate Judge specifically cited to Mr. Pszanka's report (ECF No. 24-3) and explained the error in Plaintiff's assertion of a 2% depreciation rate (ECF No. 32 at 11 n.4).   Plaintiff does not take issue with the accuracy of the Magistrate Judge's statements.   Thus, the objection leaves the Court with no real quarrel with the accuracy of the Magistrate Judge's determination apart from Plaintiff's simple disagreement.   And the same is true with respect to Plaintiff's "objection" as to the source of Defendant's depreciation rates.   (*See* ECF No. 40 at 2.)

omitted).

In his Objections, instead of making legal arguments, Plaintiff submits only what seems to be a summary of what his arguments would have been – a laundry list of bare bone statements without any legal authority or citation to the record. The glaring problem with Plaintiff's Objections is the insufficiency, as the Court is "not obligated to comb the record in order to make [Plaintiff's] arguments for [him]." *See Mitchell*, 218 F.3d at 1199. Also, at no point does Plaintiff meaningfully point to any specific legal or factual error of the Recommendation. Rather, Plaintiff advances only very general "objections."

Because Plaintiff did not clearly make specific objections to the Recommendation, the Court has great discretion in determining what level of scrutiny to use in reviewing the Recommendation. *Summers*, 927 F.2d at 1167 ("In the absence of [a] timely objection, the district court may review a magistrate . . . [judge's] report [and recommendation] under any standard it deems appropriate.") De novo review is not triggered where a party's objections to a recommendation are not specific but rather are "conclusory or general objections," or a reiteration of a party's original arguments. *Rocha v. CCCF Admin.*, Case No. 09-cv-01432-CMA-MEH, 2010 WL 1333185, *3 (D. Colo. Apr. 2, 2010) (citation omitted). The Court does not find that Plaintiff's Objections are specific enough to require *de novo* review. However, because Plaintiff is pro se and the Court liberally construes a pro se plaintiff's filings, the Court has chosen to review the Recommendation *de novo*.

Plaintiff first argues that he should be able to testify that the reasonable depreciation rate to be applied in this case should be 2% rather than the percentage provided by Defendant's expert. (ECF No. 33 at 2.) The Court disagrees. First, because this is Defendant's motion for summary judgment and Defendant has already provided its own expert (Mr. Pszanka) with respect to a

6

reasonable depreciation rate, the burden has shifted to Plaintiff to show that there is a factual dispute as to the reasonable depreciation rate.   However, Plaintiff has no expert witnesses to dispute the depreciation rate as provided by Defendant's expert.   As such, the reasonable depreciation rate is not a factual dispute.   And, apart from his own feelings on the matter, Plaintiff has neither specific objection nor basis for objection to the Magistrate Judge's conclusions that this is a matter for expert opinion and that Plaintiff has none.   Accordingly, the Court overrules Plaintiff's objection.

Plaintiff argues that the language "amount required to repair" in the contract does not mean "the amount SPENT to repair," and that Plaintiff was not on notice of such interpretation because pre-printed contracts are construed against the drafter.   (ECF No. 33 at 3.)   This is a disagreement without purpose.   The Court finds no merit in the objection.   The objection relates to the Magistrate Judge's interpretation of the maximum amount payable for property damage under the insurance contract.   (ECF No. 32 at 13.)   That amount was "not more than the amount required to repair or replace the damaged property."   (ECF No. 32 at 13.)   As an alternative basis for granting summary judgment on the amount paid for damages to the property, the Magistrate Judge noted the absence of any evidence that the amount paid fell short of the contractual limit.   Thus, conceivably, the amount paid was all that could be recovered.   Plaintiff's objection suggests that he should be entitled to economize and spend less than the amount deemed "required" for repairs by the insurance company.   But the correctness or incorrectness of that proposition does nothing to establish a disputed issue of material fact with respect to whether Plaintiff – apart from the depreciation issue discussed above – has any evidence of breach of contract for failure to pay all that was required to be paid under the contract.   The Magistrate Judge concluded he has none. This Court agrees.

Plaintiff argues that "requir[ing him] to delay the repairs beyond the 51 days [D]efendant took to issue [the] initial checks . . . would compound the delay and increase the damages for inability to rent the property for even more months." (ECF No. 33 at 3.) Plaintiff bases this argument on his alleged "duty to mitigate damages," "the doctrine of impossibility and an unstated retroactive requirement," but provides no authority for them. (ECF No. 33 at 3.) By such argument, Plaintiff appears to argue that he should not be required to delay repairs to obtain experts to evaluate his damages. But the Magistrate Judge never ruled that Plaintiff had an obligation constrained by such timing considerations. The point is that Plaintiff has no evidence of improper depreciation or inadequate payment of physical damages to the rental property.[4] And he does not.

Plaintiff makes what the Court construes as an objection in noting the following:

> Page 10 of the Recommendation says the repair estimate is based on "AVERAGE (sic) quality, condition, age and useful life." No, it must be based on ACTUAL, not average condition.

(ECF No. 33 at 4.) The objection again lacks merit. First, the Magistrate Judge was quoting Defendant's expert report, and there is no misstatement. Second, Plaintiff again is reciting his personal beliefs without adequate factual or legal support. Third, Plaintiff's lay quarrels do not meet – much less refute – the Magistrate Judge's central point. Plaintiff needs expert testimony and has none.

Finally, Plaintiff argues that if the Court accepts the Recommendation, it would divest itself of jurisdiction because the amount in controversy would fall below the $75,000 threshold. Again, Plaintiff cites to no authority to support this contention. Contrary to Plaintiff's belief, this is not the law. The amount-in-controversy element of diversity jurisdiction is decided based on the

---

[4] Plaintiff argues he is entitled to testify, based on personal knowledge, as to the pre-fire physical condition and nature of the fire. But Plaintiff's testimony, based on personal knowledge, would still not establish proper depreciation. And it does not counter the Magistrate Judge's legal conclusion that depreciation is a matter for expert testimony.

circumstances as they existed at the time Plaintiff filed suit. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing."); *see also JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) ("If the complaint in good faith alleges a sufficient amount in controversy, '[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'"). Accordingly, the Court overrules Plaintiff's last objection.

After reviewing Magistrate Judge Shaffer's Recommendation *de novo*, the Court again agrees with the Recommendation's legal analysis and findings.

### IV.   CONCLUSION

Based on the foregoing, the Court OVERRULES Plaintiff's Objections (ECF Nos. 40 and 33), and, again, ADOPTS the Recommendation (ECF No. 32) as an Order of this Court. Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED in part and DENIED in part in accordance with the Recommendation. Given that this matter is now resolved, the Court DENIES Plaintiff's request for a hearing (ECF No. 40) as moot.

DATED this 8th day of February, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge